IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRETT DILLON LINDSAY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>Civil Case No. 2:16-CV-664 TS<br>Criminal Case No. 2:12-CR-639 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Brett Dillon Lindsay's Motion to Correct Sentence Under 28 U.S.C. § 2255.  For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

On October 17, 2012, Petitioner was charged with being a felon in possession of a firearm.  Petitioner pleaded guilty on January 29, 2013.

The Presentence Report identified one of Petitioner's prior convictions as a crime of violence under United States Sentencing Guideline ("USSG") § 4B1.2, a 2009 Utah conviction for failing to stop at the command of a police officer.  This resulted in a base offense level of 20 instead of 14.  With a total offense level of 21 and a criminal history category of VI, Petitioner had a guideline range of 77 to 96 months.  The Court imposed a sentence of 64 months, to account for time spent in custody that would not be credited to his federal sentence.  Petitioner did not file a direct appeal.

1

Petitioner filed the instant Motion on June 21, 2016.  Petitioner argues that his sentence is unconstitutional in light of *Johnson v. United States*.[1]  In particular, Petitioner contends that his prior conviction for failure to stop can no longer be considered a crime of violence.

## II.  DISCUSSION

The Supreme Court in *Johnson* considered the validity of the Armed Career Criminal Act ("ACCA").  The ACCA, 18 U.S.C. § 924(e), provides for increased penalties for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense.  The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[2]

The first part of the definition—"has as an element the use, attempted use, or threatened use of physical force against the person of another"—is known as the force clause.  The second portion—"burglary, arson, extortion, or crimes involving the use of explosives"—is the enumerated offenses provision.  The last clause—"crimes that otherwise involve conduct that presents a serious potential risk of physical injury to another"—is called the residual clause.  In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague.[3]  The

---

[1] 135 S. Ct. 2551 (2015).

[2] 18 U.S.C. § 924(e)(2)(B).

[3] *Johnson*, 135 S. Ct. at 2563.

Supreme Court in *Welch v. United States*,[4] held that *Johnson*'s constitutional holding applied retroactively to cases on collateral review.

The Sentencing Guidelines provide for several sentencing enhancements for crimes constituting "crimes of violence."  Relevant here, USSG § 2K2.1 calculates a defendant's base offense level depending on how many prior convictions the defendant sustained for "either a crime of violence or a controlled substance offense."  "Crime of violence" is, in turn, defined by § 4B1.2.  Section 4B1.2(a) defines a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[5]

The Tenth Circuit has held that the "'crime of violence' definition set forth in . . . § 4B1.2, is virtually identical to the definition of a 'violent felony'" contained in the ACCA.[6]  Thus, the Tenth Circuit has applied the Supreme Court's "ACCA 'violent felony' analysis" to interpret "§ 4B1.2's definition of 'crime of violence.'"[7]  Importantly, after *Johnson*, the Tenth Circuit held that § 4B1.2(a)(2)'s residual clause is unconstitutionally vague.[8]  However, the

---

[4] 136 S. Ct. 1257 (2016).

[5] USSG § 4B1.2(a).  The definition of crime of violence in USSG § 4B1.2(a) was recently amended.  The Court quotes from the relevant language in effect at the time of Petitioner's sentence.

[6] *United States v. Wray*, 776 F.3d 1182, 1184 (10th Cir. 2015) (citations and quotation marks omitted).

[7] *Id.* at 1184–85.

[8] *United States v. Madrid*, 805 F.3d 1204, 1211 (2015) ("The concerns about judicial inconsistency that motivated the Court in *Johnson* lead us to conclude that the residual clause of

3

Tenth Circuit has not directly addressed whether *Johnson*'s application to the Guidelines applies retroactively to petitioners seeking collateral review.

The Supreme Court recently granted certiorari in *Beckles v. United States*.[9]  In *Beckles*, the Court agreed to resolve the question of whether *Johnson* applies to the residual clause of USSG § 4B1.2 and, if so, whether it applies retroactively.

The government concedes that Petitioner's previous conviction no longer qualifies as a crime of violence under *Johnson*.  However, the government has filed a Motion to Stay, seeking a stay of this case pending the Supreme Court's ruling in *Beckles*.  The government further argues that *Johnson* should not apply retroactively to the Guidelines and that Petitioner has procedurally defaulted on his claim by failing to challenge the enhancement before this Court or on direct appeal.

The Court has previously considered and rejected the government's arguments.[10]  For substantially the same reasons, the Court rejects these arguments here.  Therefore, the Court will grant Petitioner's Motion.

### III.  CONCLUSION

It is therefore

ORDERED that the government's Motion to Stay (Docket No. 3) is DENIED.  It is further

---

the Guidelines is also unconstitutionally vague.  If one iteration of the clause is unconstitutionally vague, so too is the other.").

[9] S. Ct. No. 15-8544, *cert. granted*, 579 U.S. ___, 136 S. Ct. 2510 (June 29, 2016).

[10] *Culp v. United States*, Case No. 2:16-CV-672 TS, 2016 WL 5400395 (D. Utah Sept. 27, 2016); *see also Andrews v. United States*, Case No. 2:16-CV-501 DB, 2016 WL 4734593 (D. Utah Sept. 9, 2016).

ORDERED that Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1 in Civil Case No. 2:16-CV-664) is GRANTED. The Clerk of the Court is directed to enter Judgment in favor of Petitioner and close this case.

The Court will set this matter for resentencing by separate notice. All further filings should be done in the underlying criminal case.

DATED this 5th day of October, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge